UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

17 West Pine Street, LLC,                          Case No. 6:14-bk-12240-KSJ
                                                   Chapter 11

               Debtor.

_____/

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**COMES NOW**, Creditor and party in interest CenterState Bank of Florida, N.A.,
as successor by merger to First Southern Bank, as successor in interest to First
Commercial Bank of Florida, by assignment from the FDIC as receiver for First
Commercial Bank of Florida ("Lender"), by and through its undersigned counsel, and
pursuant to 11 U.S.C. § 362 and Fed. R. Bankr. P. 4001, moves this Court to enter an
order granting Lender relief from the automatic stay (this "Motion") permitting Lender to
exercise all of its statutory and contractual rights and remedies against certain real
property securing the debts of the Debtor to Lender.  In support, Lender states as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157
and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicate for the relief requested herein is 11 U.S.C. § 362.

## BACKGROUND

4.      Debtor is the owner of certain commercial real property located in downtown Orlando (the "Property") and is a single asset real estate debtor.  A copy of the legal description of the Property is attached hereto as **Exhibit A**.

5.      Beginning on April 6, 2004, Lender and Debtor entered into a series of loan agreements pursuant to which Lender extended certain financing to Debtor (the "Loan").  Debtor's loan obligations to Lender were secured by liens in favor of Lender on the Property.

6.      As discussed more fully in Lender's Motion to Dismiss Case (Doc. No. 14) (the "Motion to Dismiss"), this is Debtor's second chapter 11.   The Loan was modified by a confirmed plan, which plan was substantially consummated, and Debtor has defaulted on the Loan.

7.      On September 23, 2014, the Circuit Court for the Ninth Judicial Circuit entered Final Judgment of Foreclosure (the "Final Judgment").   A copy of the Final Judgment is attached as **Exhibit B**.

8.      The Final Judgment held that Debtor owed Lender $978,743.79, and set a foreclosure sale for November 5, 2014.

9.      On November 1, 2014, the Debtor filed this second bankruptcy to block the foreclosure sale.

## RELIEF REQUESTED

10.      Pursuant to 11 U.S.C. § 362(d)(1), Lender is entitled to relief from stay for cause.

11.     Cause under § 362(d)(1) "has been defined variously by the courts analyzing the concept." *In re Nattchase Associates Ltd. P'ship*, 178 B.R. 409, 416 (Bankr. E.D. Va. 1994).

12.     A debtor's bad faith may constitute "cause" for granting relief from the stay. *See In re Club Candlewood Associates, L.P.*, 106 B.R. 752, 755 (Bankr. N.D. Ga. 1989) (stating that "[t]he standard for determining the existence of bad faith is the same whether the relief sought is dismissal or relief from the automatic stay"). *See also In re Dixie Broadcasting, Inc.*, 871 F.2d 1023, 1026 (11th Cir. 1989) ("A petition filed in bad faith also justifies relief from a stay.").

13.     Relief from the automatic stay for lack of good faith is appropriate when there is no realistic possibility of an effective reorganization and it is evident debtor seeks merely to delay or frustrate the legitimate efforts of secured creditors to enforce their rights. *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984).

14.     The Debtor appears to have no tenants, no income, and no employees, although after two weeks the Debtor has yet to file any Schedules, SOFAs, or a Chapter 11 Case Management Summary to confirm this.

15.     The Debtor has failed to make any payment to Lender since February, 2014.

16.     As more fully discussed in the Motion to Dismiss, this is a textbook "chapter 22" and single asset real estate and is subject to dismissal as a bad faith filing. This constitutes cause under § 362(d)(1) for relief from stay.

**WHEREFORE**, Lender respectfully requests this Court enter an Order immediately modifying and terminating the automatic stay to permit Lender to exercise all of its statutory and contractual rights and remedies in and to the Property, waiving the stay imposed by Rule 4001(a)(3), and granting such other and further relief as the Court deems appropriate.

Dated this 14th day of November, 2014.

Respectfully submitted,

*/s/ Michael A. Nardella*
**Eric S. Golden, Esq.**
Florida Bar Number: 0146846
**Michael A. Nardella, Esq.**
Florida Bar Number: 51265
**BURR & FORMAN LLP**
200 South Orange Avenue, Suite 800
Orlando, Florida  32801
Phone:  (407) 540-6600
Fax: (407) 540-6601
E-mail: egolden@burr.com
            mnardella@burr.com

**ATTORNEYS FOR**
**CENTERSTATE BANK OF FLORIDA, N.A.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 14, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served on November 14, 2014 by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case and/or U.S. Mail, postage prepaid, to the following:  Debtor: 17 West Pine Street, LLC, 220 North Orange Blossom Trail, Orlando, FL 32805; Debtor's counsel: Aldo G. Bartolone, Jr., Esq., Bartolone Legal Group, P.A., 2816 E. Robinson Street, Orlando, FL 32803; and Timothy S. Laffredi, Esq. Office of the U.S. Trustee, 400 W. Washington Street, Suite 1100, Orlando, FL 32801. I further certify that a true and correct copy of this Motion is being served on November 14, 2014 via U.S. mail, postage prepaid, to all creditors and parties in interest on the attached mailing matrix.

/s/ Michael A. Nardella
Michael A. Nardella, Esq.

**<u>EXHIBIT A</u>**

The South 71.09 feet of Lot 9, T.W. SHINES SUBDIVISION, according to the plat thereof as recorded in Plat Book A, Page 76, Public Records of Orange County, Florida.

# EXHIBIT B

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

FIRST SOUTHERN BANK, successor
in interest to FIRST COMMERCIAL
BANK OF FLORIDA, by assignment
from the FDIC as receiver for FIRST
COMMERCIAL BANK OF FLORIDA,

     Plaintiff,

v.

17 WEST PINE STREET, LLC, a
Florida limited liability company,
CHRISTOPHER T. WEISING, an
individual, RENEE A. WEISING, an
individual, KATSUR MORTGAGE
HOLDINGS, INC., a Florida
corporation, VOYAGE NIGHTCLUB,
LLC, a Florida limited liability
company, CLUB EXIT OF ORLANDO,
LLC, a Florida limited liability
company, DE JA VU ULTRA
LOUNGE, LLC, a Florida limited
liability company, BEPEC, LLC, a
Florida limited liability company, and
UNKNOWN TENANTS in possession,

     Defendants.

_____/

CASE NO: 2012-CA-006504-O

# FINAL JUDGMENT

THIS CAUSE came before this Court on the Plaintiff's Motion for Summary Judgment (the "Motion") filed by the Plaintiff, Centerstate Bank of Florida, N.A. ("Plaintiff" of "Lender"), as successor by merger to First Southern Bank ("First Southern"), successor in interest to First Commercial Bank of Florida ("First Commercial"), by assignment from the FDIC as receiver for First Commercial Bank of Florida ("Centerstate" or "Plaintiff"), pursuant to Fla. R. Civ. P. 1.510 against 17 West Pine Street, LLC, a Florida limited liability company ("17 West"), Christopher T. Weising, an individual ("C. Weising"), Renee A. Weising, an individual ("R. Weising"), and Katsur Mortgage Holdings, Inc., a Florida corporation ("Katsur," and together with 17 West, C. Weising, and R. Weising, the "Defendants"). Having reviewed the pleadings and evidence on file, having noted no response to the Motion filed by the Obligors, and having been otherwise duly advised in the premises, it is hereby

**ORDERED AND ADJUDGED:**

1.    This Court has jurisdiction of the subject matter and the parties. The allegations contained in Plaintiff's Complaint have been proven by competent evidence and the equities are with the Plaintiff.

2.    The record, pleadings, affidavits and admissions on file show that there is no genuine issue as to any material fact, that no Defendant has objected to

the Motion, and that the Plaintiff is entitled to final summary judgment against 17 West, C. Weising, R. Weising, and Katsur.

    3.    The address of the Plaintiff is 1101 First Street South, Winter Haven, FL 33880.

    4.    The address of Defendant 17 West is 17 West Pine Street, Orlando, FL 32801.

    5.    The address of Defendant C. Weising is 4428 SW 36th Street, Orlando, FL 32811.

    6.    The address of Defendant R. Weising is 4428 SW 36th Street, Orlando, FL 32811.

    7.    The address of Defendant Katsur is 926 Great Pond Drive, Suite 2003, Altamonte Springs, FL 32714.

    8.    The Motion is hereby **GRANTED**.

## Judgment on the Notes

    9.    Plaintiff is hereby awarded final judgment against 17 West, C. Weising, and R. Weising, jointly and severally, calculated as follows:

| | |
|---|---|
| Principal | $879,278.92 |
| Interest at Note rate | $4,529.89 |
| Interest at Default rate | $71,228.10 |
| Late fees | $1,048.88 |
| Attorney's fees | $17,758.00 |
| Appraisal fees | $4,900.00 |
| | |

| **TOTAL** | **$978,743.79** |
|---|---|

which amount shall bear interest at the statutory rate of 4.75% commencing on the date of this Judgment, and shall be increased in the amount of such further costs as may be incurred by Plaintiff in this action (altogether, the "Amount Due").

10.    In awarding Plaintiff's attorney's fees, this Court has taken into consideration the relevant guidelines set forth in *Standard Guaranty Insurance Co. v. Quanstrom*, 555 So. 2d 828 (Fla. 1990), and its progeny, and specifically finds that the hours, hourly rates, and total fees Plaintiff's counsel in this matter, as set forth in the affidavits submitted in support of Plaintiff's Motion are reasonable pursuant to Section 687.06, *Florida Statutes*.

11.    It is further ordered and adjudged that 17 West, C. Weising, and R. Weising complete under oath Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet), including all required attachments, and serve it on the Plaintiff's attorney within forty-five (45) days from the date of this Judgment, unless their liability under this Judgment is satisfied or post-judgment discovery is stayed.

**Judgment of Foreclosure**

12.    Judgment is hereby entered in favor of Plaintiff foreclosing on the real and related personal property as described on the attached **Exhibit 1** (the "Property").

21568617 v1                                    4

13.     Plaintiff holds a lien on the Property for the total sum of the Amount Due awarded above, superior to all claims or estates of the Defendants on the Property.

14.     If the total sums with interest at the rate described above and all costs accrued subsequent to this Judgment are not paid on the Amount Due, the Clerk of this Court shall sell the Property together at public sale on the _5th_ day of _November_, **2014**, at 11:00 a.m. to the highest bidder for cash, except as prescribed in Paragraph 15, in accordance with Section 45.031, *Florida Statutes*, and Florida law, at www.myorangeclerk.realforeclose.com.

15.     Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the clerk if Plaintiff is not the purchaser of the property for sale; provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title. If Plaintiff is the purchaser, the clerk shall credit Plaintiff's bid with the total sum with interest and costs accruing subsequent to this Judgment, or such part of it as is necessary to pay the bid in full.

16.     On filing the certificates of title, the clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of Plaintiff's costs; second, documentary stamps affixed to the certificate; third, Plaintiff's attorneys' fees; fourth, the total sum due to Plaintiff, less the items paid, plus interest at the

rate prescribed above from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court.

17.    On filing the certificates of sale, Defendants and all persons claiming under or against Defendants since the filing of the notice of lis pendens shall be foreclosed of all estate or claim in the Property, except as to claims or rights under chapter 718 or chapter 720, *Florida Statutes,* if any.   Upon the filing of the certificate of title, the person named on the certificate of title shall be let into possession of the Property.  If a Defendant remains in possession of the Property, the clerk shall without further order of the Court issue forthwith a writ of possession upon request of the person named on the certificate of title.

18.    **If the Property is sold at public auction, there may be additional money from the sale after payment of persons who are entitled to be paid from the sale proceeds pursuant to this judgment**.

19.    **If you are a subordinate lienholder claiming a right to funds remaining after the sale, you must file a claim with the clerk no later than 60 days after the sale.  If you fail to file a claim, you will not be entitled to any remaining funds**.

20.    Jurisdiction of this action is retained to enter further orders and judgments on other counts in the complaint that are proper, including, without limitation, a deficiency judgment. Jurisdiction of this action is further retained to

enter orders and judgments on any supplemental complaint to add an omitted party post-judgment, known as a re-foreclosure, to take such other actions as may be necessary to correct any title defect with respect to the foreclosed property, or to litigate any cross-claims between the Defendants.

**DONE AND ORDERED**, in Orlando, Orange County, Florida, this 23rd day of September, 2014.

Alice Blackwell
Circuit Judge

With copies to:

Eric S. Golden, Esq.
Michael A. Nardella, Esq.
Burr & Forman LLP
200 S. Orange Avenue, #800
Orlando, FL 32801
egolden@burr.com and mnardella@burr.com
*Counsel for Plaintiff*

Stephen M. Stone
725 N. Magnolia Avenue
Orlando, Florida 32803
smstonelaw@cfl.rr.com and mhooi.ecf@srbp.com
*Counsel for Defendants Katsur*

Steven Michael LaBret
226 Hillcrest Street
Orlando, Florida 32801
labretpa@cfl.rr.com and annad@cfl.rr.com
*Counsel for Defendants 17 West, C. Weising, and R. Weising*

8

## Exhibit 1 - The Property

Real Property:

The South 71.09 feet of Lot 9, T.W. SHINES SUBDIVISION, according to the plat thereof as recorded in Plat Book A, Page 76, Public Records of Orange County, Florida.

Personal Property:  See attached Exhibit A.

EXHIBIT "A"

1.   Name and address of Debtor and record owner of the Land:

17 West Pine Street, LLC
17 West Pine Street
Orlando, FL  32801

2.   This Financing Statement covers the following types and items of property:

a.   <u>Improvements</u>.   All  buildings,  structures, betterments,  fruit  trees,  groves  and  other improvements  of  any  nature  now  or  hereafter situated in whole or in part upon the lands in **Orange** County, Florida, described on Exhibit "B", attached  hereto  (the  "**Land**"),  regardless  of whether physically affixed thereto or severed or capable  of  severance  therefrom  (the "**Improvements**").

b.   <u>Appurtenances</u>.  The benefit of all easements and other rights of any nature whatsoever appurtenant to the Land or the Improvements, or both, and all rights  of  way,  streets,  alleys,  passages, drainage  rights,  sewer  rights,  and  rights  of ingress and egress to the Land, and all adjoining property,  whether  now  existing  or  hereafter arising,  together  with  the  reversion  or reversions,  remainder  or  remainders,  rents, issues  incomes,  and  profits  of  any  of  the foregoing.

c.   <u>Tangible Property</u>.  All of Debtor's interest in all fixtures, equipment, crops now sown and/or growing  in  the  future  and  tangible  personal property  of  any  nature  whatsoever  now  or hereafter (i) attached or affixed to the Land or the Improvements, or both, regardless of whether physically affixed thereto or severed or capable of  severance  therefrom,  or  (ii)  regardless  of where situated, used, usable, or intended to be used in connection with any present or future use or operation of or upon the Land.  The foregoing includes:  all  heating,  air  conditioning,

1

lighting, incinerating, and power equipment, all engines, compressors, pipes; pumps, tanks, motors, conduits, wiring and switchboards; all plumbing, lifting, cleaning, fire prevention, fire extinguishing, refrigerating, ventilating, and communications apparatus; all fire extinguishing, refrigerating, ventilating, and communications apparatus; all boilers, furnaces, oil burners, vacuum cleaning systems, elevators, and escalators; all stoves, ovens, ranges, disposal units, dishwashers, water heaters, exhaust systems, refrigerators, cabinets, and partitions; all rugs and carpets; all laundry equipment; all building materials; all furniture, furnishings, office equipment, and office supplies (including stationery, letterheads, billheads; and items of a similar nature); and all additions, accessions, renewals, replacements, and substitutions of any or all of the foregoing (the **"Tangible Property"**).

d.   <u>Income</u>. All rents, issues, incomes, and profits in any manner arising from the Land, Improvements, or Tangible Property, or any combination, including Debtor's interest in and to all leases, licenses, franchises, and concessions of, or relating to, all or any portion of the Land, Improvements or Tangible Property, whether nor existing or hereafter made, including all amendments, modifications, replacements, substitutions, extensions, renewals or consolidations. The foregoing items are jointly and severally called the **"Rents"** in this instrument.

e.   <u>Proceeds</u>. All proceeds of the conversion, voluntary and involuntary, of any of the property described in this Exhibit into cash or other liquidated claims, or that are otherwise payable for injury to, or the taking or requisitioning of, any such property, including all insurance and condemnation proceeds.

2

f.   <u>Contract Rights</u>.  All of Debtor's right, title and interest in and to any and all contracts, written or oral, expressed or implied, now existing or hereafter entered into or arising, in any manner related to the improvements, use, operation, sale, conversion, or other disposition of any interest in the Land, Improvements, Tangible Property, or the Rents or any combination, including any and all deposits, prepaid items, and payments due and to become due thereunder, and including construction contracts, service contracts, advertising contracts, purchase orders, and equipment leases.

g.   <u>Name</u>.  All right, title and interest of Debtor in and to any tradename now or hereafter used in connection with the operation of the Land, and all related marks, logos and insignia.

h.   <u>Other Intangibles</u>.  All contract rights, accounts, instruments and general intangibles, as such terms from time to time are defined in the Florida Uniform Commercial Code, in any manner related to the use, operation, sale, conversion, or other disposition (voluntary of involuntary) of the Land, Improvements, Tangible Property, or Rents, including all permits, licenses, insurance policies, rights of action and other choses in action.

i.   <u>Construction Materials</u>.  All lumber, concrete block, drywall, sheet rock, concrete, roof trusses, beams, joints, or any other personal property used or intended to be used in connection with the construction of any improvements on the Land or any of such items of personal property which are intended to be incorporated into the Land as an Improvement thereon.

j.   <u>Sewer Fees</u>.  All sewer capacity reservation fees and/or reserved sewer capacity, all tap in rights, all impact fees, all of which may benefit the Land or Improvements.

3

k. <u>Plans</u>. Any and all plans, specifications, permits, including building permits, licenses, fees, architectural drawings, surveys and plats associated with the construction of any proposed improvements to the Land.

l. <u>Construction Documents</u>. The foregoing types of property include specifically all of the following: all contracts, plans and documents that concern the design and construction of the improvements, including plans and specifications, drawings and architectural and/or engineering contracts, and construction contracts, together with all amendments, revisions, modifications and supplements.

m. <u>Secondary Financing</u>. All of Debtor's rights, power or privilege to further encumber any of the property described in this paragraph for debt.

3. Description of Land. That certain piece, parcel and tract of land located in **Orange** County, Florida, described on Exhibit "B", attached hereto.

Realestate\weisin-harrow\FINANCINGSTMT-EXHIBITA-2
8/2/07

4

EXHIBIT "B"

Legal Description

The South 71.09 feet of Lot 9, T.W. SHINES SUBDIVISION, according to the plat thereof as recorded in Plat Book A. Page 76, Public Records of Orange County, Florida